1
2
3 **UNITED STATES DISTRICT COURT**
4 **DISTRICT OF NEVADA**
5
6
7 MANUELA CHAVEZ,                                    Case No. 2:22-cv-01602-JAD-NJK
        Plaintiff,
8                                                              **ORDER**
   v.
9                                                          [Docket No. 24]
   PETSMART LLC,
10        Defendant.
11

12      Pending before the Court is the parties' stipulation to extend discovery deadlines.  Docket
13 No. 24.

14      A request to extend discovery deadlines must include a statement specifying the discovery
15 completed, a specific description of the discovery that remains, the reasons why the subject
16 deadline cannot be met, and a proposed schedule for completing the outstanding discovery.  Local
17 Rule 26-3.  The request must also be supported by a showing of good cause.  *Id.*  The good cause
18 analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of
19 diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  This
20 showing of diligence is measured by the movant's conduct throughout the entire period of time
21 already allowed.  *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110,
22 at *11-12 (D. Nev. Dec. 15, 2015).  If diligence is not established, the Court's inquiry should end.
23 *Johnson*, 975 F.2d at 609 (internal citation omitted).

24      Here the parties have not demonstrated diligence.  The Court issued the scheduling order
25 on December 29, 2022.  Docket No. 18.  The parties submit that, in the intervening months, the
26 only discovery conducted is that, on unknown dates, the parties served interrogatories and requests
27 for production on each other.  Docket No. 24 at 1.  The parties further submit that an extension is
28 necessary to allow time for a review of recently obtained medical records and an independent

2:22-cv-01602-JAD-NJK

medical examination of Plaintiff. *Id.* at 2. However, the parties fail to explain how just now attempting to schedule an independent medical examination constitutes diligence when this case has been pending in this Court since September 21, 2022. *See id.* at 1-2; Docket No. 1. Such a minimal submission does not help the Court evaluate the parties' diligence during the entire time allowed thus far. Therefore, the Court cannot find good cause and the inquiry ends.

Accordingly, the parties' stipulation to extend discovery deadlines is **DENIED** without prejudice. Docket No. 24. Any subsequent stipulation must fully elaborate on what discovery has been completed thus far and fully comply with all applicable case law and the Local Rules.

IT IS SO ORDERED.

Dated: March 22, 2023

Nancy J. Koppe
United States Magistrate Judge